UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAMON TYRONE GEE, | ) |
| Petitioner, | ) |
| vs. | ) No. 2:17-cv-00238-WTL-MJD |
| DICK BROWN, | ) |
| Respondent. | ) |

**Entry Granting Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Damon Tyrone Gee for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 17-01-0084. For the reasons explained in this Entry, Mr. Gee's habeas petition is **granted**.

A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 25, 2017, Officer Roessler wrote a Conduct Report charging Mr. Gee with possession of intoxicants in violation of Code B-231. The Conduct Report states:

> On 1-25-2017 I c/o Roessler was preforming a search of G208. Upon searching the cell I c/o Roessler did discover approx. 3 gallons of a red liquid substance that had the appearance and smell of an intoxicant under the cell window in a small property box. Offender Gee Damon DOC#981951 and Offender Mack Jason DOC#998321 reside there.

Dkt. 10-1 at 1. Also on January 25, 2017, Officer Pirtle wrote the following witness statement:

> I c/o D Pirtle did witness on 1-25-17 @ approx. 6:30 Am c/o Roessler discover approx. 3 gal. of a red liquid substance that had the appearance and smell of an intoxicant[] under the cell window in a small property box in cell G208. Offenders Gee, Damon #981951 and Mack Jason # 998321 reside in this cell

Dkt. 10-3 at 2.

Mr. Gee was notified of the charge on January 26, 2017, when he received the Screening Report. He plead not guilty to the charge. He did not request any physical evidence, but he stated that he would obtain a witness statement for the hearing. That same day, Mr. Gee's cellmate Jason Mack provided the following witness statement:

> The intoxicants found in cell G-208 belonged to me. Mr. Jason Mack. Prisoner Damon Gee had absolutely no knowledge that the intoxicants was in the cell. I made it while Damon Gee was sleep[ing]. So there is no way he could have known the intoxicants were in the cell. I had the intoxicants in my own locked property box. Also I had just mixed all the intoxicants up that night while Damon Gee was sleeping, then the Officers that found the intoxicants the next morning. So the intoxicants were not even in the cell 12 hours. Again Damon Gee had no knowledge that I had intoxicants in my locked property box.

Dkt. 10-3 at 3.

A hearing was held on January 31, 2017. At the hearing, Mr. Gee stated that the intoxicants were his cellmate's and that he did not know they were there. The hearing officer changed the charge from possession of intoxicants to aiding in the possession of intoxicants in violation of

Code B-240 and B-231. Based on Mr. Gee's statement, the staff reports, the witness statement, the photograph of the bag, and the notice of confiscated property, the hearing officer found Mr. Gee guilty of aiding in the possession of intoxicants. The sanctions imposed included a sixty-day earned-credit-time deprivation.

Mr. Gee appealed to Facility Head and the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

C.  Analysis

Mr. Gee raises four claims in his habeas petition. The respondent argues that certain of them are procedurally defaulted because he did not raise them in his administrative appeals. The Court need not reach the issue of procedural default, however, because Mr. Gee is entitled to habeas relief based on his claim that the evidence was insufficient to support his guilt.

Mr. Gee argues that there was insufficient evidence that he aided in the possession of an intoxicant. He notes that his cellmate, Mr. Mack, presented an undisputed witness statement that the intoxicants were his, not Mr. Gee's, and that Mr. Gee had no knowledge of them. *See* dkt. 1 at 3. Further, Mr. Gee asserts that there is no factual basis for the charge "[b]ecause there is no clear statement or evidence to suggest any aiding . . . [in the] possess[ion] [of] intoxicants." Dkt. 11 at 7. Mr. Gee sufficiently raised these concerns in his administrative appeal, such that he properly exhausted his sufficiency of the evidence claim. *See, e.g.*, Dkt. 10-4 at 1 ("I do not see how if I had nothing to do with the intoxicants how the [hearing officer could] make me guilty of something that is not mine.").

The respondent treats Mr. Gee's arguments regarding the sufficiency of the evidence as requests for the Court to reweigh the evidence, which it cannot do. But Mr. Gee's argument is

more accurately construed as an argument that there is an absence of evidence supporting the charge altogether. The respondent does not confront this argument by setting forth the definition of the charge and explaining what evidence in the record supports it. This leaves Mr. Gee's arguments without a direct a response. The Court, however, will address Mr. Gee's arguments as he presents them.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. Gee was originally charged with violating Code B-231, "Intoxicants," which prohibits "[m]aking or possessing intoxicants, or being under the influence of any intoxicating substance." IDOC Adult Disciplinary Process Appendix I: Offense, at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The hearing officer understandably altered the charge at the hearing, as there was no evidence that Mr. Gee was in possession of the intoxicating substance found. According to the Conduct Report, the intoxicant was found in Mr. Gee's cell "in a small property box." Dkt. 10-1 at 1. But Mr. Gee's cellmate, Mr. Mack, testified that the property box was his, *see* dkt. 10-3 at 3, and neither the respondent nor any evidence in the record

disputes this. Thus Mr. Gee's only connection to the intoxicants was that they were found in his cellmate's "locked property box" in their shared cell. *Id.* The Seventh Circuit has made clear that "proximity is not [constructive] possession." *Austin v. Pazera*, 779 F.3d 437, 439 (7th Cir. 2015); *see id.* ("Constructive possession is control of an item (implying ready access and intended use actual or contingent) without physical possession. If [the petitioner] didn't know there was contraband in the crawl space, he was not in constructive possession of the contraband. But even if he knew, if he had no interest in trafficking in tobacco and so would never become an actual possessor, he would not be guilty of constructive possession.").

As noted, perhaps recognizing the lack of evidence of possession, the hearing officer altered Mr. Gee's charge to a violation of Code B-240, "Conspiracy/Attempting/Aiding or Abetting." This provision prohibits "attempting to commit any Class B offense; aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B offense." IDOC Adult Disciplinary Process Appendix I: Offense, at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. These terms are not further defined by the IDOC Adult Disciplinary Process, but the definition is closely analogous to the federal aiding and abetting statute, which provides guidance here. The federal statute creates criminal liability—often referred to as accomplice liability—for anyone who "aids, abets, counsels, commands, induces or procures" the commission of an offense. 18 U.S.C. § 2. This provision "reflects a centuries-old view of culpability: that a person may be responsible for a crime he has not personally carried out if he helps another to complete its commission." *Rosemond v. United States*, 134 S. Ct. 1240, 1245 (2014). "[A] person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Id.*

Neither of the foregoing elements are present here.  Taking the second element first, Mr. Gee could not have intended to facilitate Mr. Mack's possession of the intoxicants without knowledge of their existence.  Again, the only evidence is that the intoxicants were in Mr. Mack's property box, which was located in the cell shared with Mr. Gee.  Mr. Gee and Mr. Mack both testified that Mr. Gee did not know they were there.  And while both correctional officers who searched the cell stated that the liquid had the appearance and smell of an intoxicant, neither stated that the smell was apparent when the intoxicant was locked in Mr. Mack's property box.  In short, there is no evidence that Mr. Gee was aware of the intoxicants, and thus no evidence that he *intended* to aid in Mr. Mack's possession of them.

Even if there was evidence that Mr. Gee knew of the intoxicants, the first element of accomplice liability would still not be present.  This is because there is no evidence that Mr. Gee took any affirmative act to further Mr. Mack's possession of the intoxicants.  Just as knowledge of the intoxicants alone is insufficient to conclude that Mr. Gee possessed them, *see Austin*, 779 F.3d at 439, it is also insufficient to prove that he aided or abetted another's possession of them, *see Rosemond*, 134 S. Ct. at 1245; to aid or abet, there must be an affirmative act.  Thus, neither element of aiding and abetting is met based on the record before the Court.

In sum, determining whether there is some evidence in the record supporting a prison disciplinary conviction requires asking "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.  Here, there is not any evidence in the record that Mr. Gee knew of the intoxicants, let alone took an affirmative step with the intent to aid his cellmate, Mr. Mack, in the possession of the intoxicants.  He is therefore entitled to habeas relief.

### D. Conclusion

Mr. Gee's petition for a writ of habeas corpus is **granted**. The disciplinary sanctions imposed as a result of prison disciplinary proceeding WVE 17-01-0084 are **vacated**, meaning his lost good-time credits must be **immediately restored**, and his new release date must be calculated accordingly.

Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/11/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAMON TYRONE GEE
981951
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov